**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 06-03091-01-CR-S-FJG |
| ROBERT HULLETTE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on the Government's Motion in Limine in which the United States moves to preclude defendant from relying on the defense of entrapment by estoppel.

The United States moves the Court in limine to instruct the defendant, his counsel, or any witnesses, not to mention, refer to, or interrogate, at any time, the defense of entrapment by estoppel, without first obtaining permission of the Court, outside the presence of the jury.

In this case, defendant asserts that "the heart of his defense of estoppel by entrapment" will be that the government, through the NICS ["National Instant Checks Systems"] conducted by the government's agents and agencies, made a statement to him. [Defendant's Suggestions in Opposition to Government's Motion in Limine, at 4]. He contends that the NICS check was a uniquely governmental statement, made specifically to him, that he was legally authorized to possess a firearm. Defendant asserts that the NICS is a government agency tied to the FBI, whose inherent

1

purpose is to make exclusively governmental statements regarding the eligibility of specific persons to possess firearms. It is his position that the NICS checks as to his purchase of most, or all, of the firearms listed in the indictment came back showing him to be eligible to possess firearms. He contends that an NICS check showing eligibility to possess a firearm is an affirmative statement, made directly be a government agent or agency, specifically regarding him, that he would have reasonably relied upon. Therefore, it is defendant's position that the facts of his case make a submissible case for the defense of entrapment by estoppel and should be considered by the jury.

A claim of entrapment by estoppel is at heart a due process challenge. In Raley v. Ohio, 360 U.S. 423, 426 (1959), the Supreme Court held that the conviction of a defendant "for exercising a privilege which the State had clearly told him was available to him" was an "indefensible sort of entrapment by the State," violative of due process. Accord Cox v. Louisiana, 379 U.S. 559, 571 (1965). To convict a citizen following such an "active misleading" would be to dispense with the basic requirement that citizens receive fair warning of what actions are criminal. Raley,, 360 U.S. at 438.

As the Eighth Circuit Court of Appeals clearly stated when it recently addressed the issue of entrapment by estoppel in the context of the warning on a federal firearms license, in order to rely on that defense, a defendant in this circuit has the burden of proof "to show that the government assured him that certain conduct was legal and that he initiated or continued that conduct because he reasonably relied on the government's statement." United States v. Ray, 411 F.3d 900, 903 (8th Cir. 2005) (citing United States v. Achter, 52 F.3d 753, 755 (8th Cir. 1995) . For a defendant "to have a viable defense of entrapment by estoppel, then, there must have been an affirmative misrepresentation." Ray. 411 F.3d at 904; United States v. Benning, 248 F.3d 772, 775076 (8th Cir.

2001) (the government must have affirmatively misled the defendant). The Eighth Circuit has rejected the claim that a federally licensed firearms dealer is a government official for purposes of the entrapment by estoppel defense, and in so holding, emphasized that "[i]t is the authority, whether apparent or actual, of the governmental official that is crucial to the entrapment by estoppel defense." United States v. Austin, 915 F.2d 363, 366, 368 (8th Cir. 1990).

The Court has fully reviewed the government's arguments, defendant's response, and applicable case law. Contrary to defendant's assertions, the Court reaches the conclusion that the defense of entrapment by estoppel should not be extended to cover the NICS checking system. It is clear that the Eighth Circuit has rejected the idea that a firearms dealer is a government official for purposes of the defense. Although the Court has not addressed the issue presented herein, it is highly unlikely that it would extend the defense to the NICS system, which merely authorizes a firearms dealer to proceed with the sale of firearms, after a dealer complies with the requirements of 18 U.S.C. § 922(t)(1). The NICS check does not have the legal significance that defendant envisions, and the result of the check cannot be said to have affirmatively misled defendant. Rather than an authorization issued by an agency empowered to give the authorization for defendant to purchase a firearm, the computer response to the firearms' dealer's inquiry into defendant's background simply means that the firearms dealer can sell a weapon to an individual without violating federal law. This response is not the sort of assurance or representation by the government or a governmental agency that is contemplated by the defense of entrapment by estoppel. At most, the response indicates that a defendant's felony conviction was not included in the NICS database.

This Court believes that the fact that the FBI maintains the NICS system via a toll-free telephone number or through the Internet can hardly be said to transform an NICS check into the

3

type of official governmental statement that could be construed to show defendant that certain conduct was legal, nor could defendant meet his burden of proof to show that he initiated or continued that conduct because he reasonably relied on the government's statement. It cannot be said that the use of a federal database by a firearms dealer, as required by federal law, to determine whether defendant had a felony conviction, constitutes an official governmental statement made to defendant, upon which he relied to his detriment. See generally United States v. Hardridge, 379 F.3d 1188, 1195 -96 (10th Cir. 2004).

It is the Court's opinion that the defense of entrapment of estoppel should not be available to defendant in this case, and that the government's Motion in Limine should be granted.

The Court finds, therefore, that it must be recommended that the government's Motion in Limine be granted. For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the government's Motion in Limine be granted. [1]

                                                                               /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate

Date: 12/29/06

---

[1] The government also states that defendant falsely reported on ATF Form 4473 that he was not a convicted felon. The Court believes the truth of these assertions is a matter to be addressed at the trial in this case. If true, however, defendant would clearly not have the defense of entrapment by estoppel available to him.